﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200210-66555
DATE: July 31, 2020

ORDER

An earlier effective date of January 11, 2007, for the grant of a 70-percent evaluation, but no higher, for PTSD is granted.

FINDING OF FACT

1. A January 2020 Board decision granted a 70-percent rating, but no higher, for PTSD.

2. A January 2020 rating decision, in implementing the Board’s grant of a 70-percent rating, but no higher, for PTSD, assigned an effective date of April 10, 2017, for the 70-percent rating.

3. The evidence establishes that since January 11, 2007, the Veteran’s PTSD has manifested in symptoms including suicidal ideation, hypervigilance, irritability and anger outbursts, anxiety and panic attacks, intrusive thoughts, nightmares, sleep disturbance, and avoidance of public situations, which together have created occupational and social impairment with deficiencies in most areas. 

CONCLUSION OF LAW

The criteria for an earlier effective date of January 11, 2007, for the grant of a 70-percent evaluation for PTSD have been met. 38 U.S.C. §§ 1155, 5110(a); 38 C.F.R. §§ 3.400(o), 4.130, Diagnostic Code 9411.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from June 1980 to November 2006.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a January 2020 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO). In February 2020, the Veteran filed a notice of disagreement selecting review of the evidence considered by the RO and additional evidence submitted within 90 days. 

A. Procedural History and Scope of the Present Appeal

In January 2020 the Board issued a decision granting the Veteran’s request for an increased rating for PTSD. The Board found that a 70-percent rating, but no higher, was warranted. A copy of that decision was mailed to the Veteran along with an information sheet detailing the Veteran’s option for further action if he disagreed with the Board’s decision.

Subsequently, the RO issued a January 2020 rating decision implementing the Board’s grant of a 70-percent rating for PTSD. As the Board’s decision did not provide an effective date, the January 2020 rating decision assigned a date of April 10, 2017. The Veteran filed the February 2020 notice of disagreement seeking Board review of this January 2020 rating decision.

In May 2020, the Veteran and his wife submitted statements disagreeing with the January 2020 rating decision’s assignment of a 70-percent rating for PTSD and requesting a 100-percent rating. The Board acknowledges these requests but notes that it does not currently have jurisdiction in this matter to consider entitlement to a higher rating for PTSD. The present matter is limited to the date of the grant for a 70-percent rating, as this was the only new decision of the January 2020 rating decision on appeal. Though the January 2020 decision did assign the 70-percent rating for PTSD, that action was solely the implementation of the Board’s January 2020 decision finding that a 70-percent rating, but no higher, was warranted. As explained in the January 2020 notification sent to the Veteran, if the Veteran disagreed with the Board’s decision to assign a 70-percent rating, but no higher, his options included filing a supplemental claim or appealing to the US Court of Appeals for Veterans Claims.

Thus, in the present matter, the Board will consider whether the Veteran is entitled to a date earlier than April 10, 2017, for the assignment of a 70-percent rating, but no higher, for PTSD.

B. Entitlement to an Effective Date for the Grant of a 70-Percent Rating Earlier than April 10, 2017

The Veteran’s PTSD is rated under Diagnostic Code 9411, which in turn is rated under the General Rating Formula for Mental Disorders. 38 C.F.R. § 4.130. Under the General Rating Formula, a 70-percent rating is warranted for occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such an unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. Id.

Treatment records establish that the Veteran has experienced suicidal ideation since at least 2010, with multiple hospitalizations and multiple statements from the Veteran that he struggled with suicidal ideations and was impaired at work because of them. At an April 2011 VA examination, the Veteran stated that he had suicidal ideation ever since returning from Desert Storm. Additionally, at a March 2008 VA examination, the Veteran reported symptoms including hypervigilance, a short temper, anxiety, intrusive thoughts, frequent nightmares and sleep disturbance, and avoidance of large crowds. 

Given this evidence, the Board finds that the Veteran’s symptoms have created occupational and social impairment with deficiencies in most areas from January 11, 2007, which is the effective date of service connection. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 U.S.C. § 5110(a); 38 C.F.R. §§ 3.400(o), 4.126. 

Accordingly, the Board grants an earlier effective date of January 11, 2007, for the January 2020 grant of a 70-percent rating, but no higher, for PTSD. This is the most relief that the Board has jurisdiction to grant within the scope of this appeal. 38 U.S.C. § 5110(a); 38 C.F.R. §§ 3.400(o), 4.126, 4.130, Diagnostic Code 9411. 

 

 

K. Parakkal

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Davis, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.